UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WENDY SMITH and
MIRTH, L.L.C.,

        Plaintiffs,

                                          Case Number 06-11729-BC

v.                                          Honorable Thomas L. Ludington

UPROAR COMMUNICATIONS, LTD.,
NICHOLAS P. BOORAS A/K/A TED DARUS,
and TAMMY LENHARDT,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED COMPLAINT

On October 24, 2006, Plaintiffs Wendy Smith Mirth, L.L.C. filed a first amended complaint against Defendants Uproar Communications, Ltd. (Uproar), Nicholas Booras, and Tammy Lenhardt. On November 27, 2006, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), relying on the heightened pleading requirements for actions alleging fraud under § 10(b) of the Securities Exchange Act of 1934 and accompanying Securities Exchange Act Rule 10b-5. Because Defendants have met the heightened pleading requirements, the Court denied Defendants' motion to dismiss.

Plaintiffs allege, *inter alia*, federal securities violations against Defendants for purported misrepresentations and omissions made during business dealings between the parties. Plaintiff Smith alleged that Defendant Lenhardt introduced Plaintiff Smith to Defendant Booras, an employee of Defendant Uproar. Plaintiff Smith states that she retained Defendants Uproar and Booras to prepare a business plan for a sports training facility. Plaintiff Smith alleged that she paid for services characterized as due diligence and "mentoring" but did not receive a return on her payment

of $250,000 to Defendants Uproar and Booras. She alleges that, on October 15, 2004, Defendant Booras represented that she could recoup her initial loss by investing that additional money in a 49% stake in a company subsequently formed, i.e., Sign Studio Onsite, Inc. On October 25, 2004, according to Plaintiff, she paid $328,000 by wire transfer for that purpose. Next, again relying on Defendant Booras' advice in November 2004, Plaintiff Smith pleads that she agreed to purchase 10% of The Original Sign Studio, Inc. for $200,000, with the expectation that she would also assume "Presidential" duties. On November 12, 2004, she maintains that she phoned her broker to instruct him to arrange for that payment. According to Plaintiff Smith, the first documentation she received regarding these expenditures came at a meeting with Defendant Booras in January 2005.

Regarding the federal securities claim against Defendant Uproar and Defendant Booras as to Sign Studio Onsite, Inc., Plaintiffs asserted in their first amended complaint:

> 35. Said false and misleading statements of fact [made by Defendant Booras] include the following:
>    A. That Plaintiffs would acquire 49% of the company for $328,000; and
>    B. That Plaintiff Smith would recover the monies she had paid Defendants Booras and Uproar by acquiring 49% of Sign Studio Onsite.
> 36. Said omissions of material fact [made by Defendant Booras] include the following:
>    A. The preferred stock would be issued for the company;
>    B. That all of the preferred stock to be issued by the company would be issued to Defendant Booras' LLC, Cost Saving Devices, LLC., [*sic*] whose agent (Lawrence Mick) was the sole incorporator of Sign Studio Onsite, Inc. and an agent or employee of Uproar;
>    C. That Plaintiffs were acquiring only common stock in the company; and
>    D. That the bylaws of Sign Studio Onsite, Inc. contained or would contain a stock voting scheme whereby one share of common stock is entitled to one vote, while one share of preferred stock is entitled to 100 votes.
> 37. As is more fully set forth herein, the above statements of fact and omissions of material fact are false and misleading for the reason that:
>    A. Plaintiffs did not acquire 49% of the company for $328,200 but,

    rather, acquired only 40% of the common stock and only 11% of the total votes on corporate matters; and
  B. Plaintiff Smith did not recover the approximately $250,000 that she had paid Defendants Booras and Uproar by acquiring 49% of Sign Studio Onsite.

Regarding the federal securities claim against all three defendants as to The Original Sign Studio, Plaintiffs asserted in their first amended complaint:

 52. Said false and misleading statements of fact [made by Defendants] included the following:
  A. That Plaintiffs would acquire 10% of the company for a payment of $200,000.
 53. Said omissions of material fact [made by Defendants] included the following:
  A. That approximately one month <u>earlier</u> an agent Lawrence Mick of Defendant Booras' LLC, namely Cost Saving Devices, LLC, had caused preferred stock in the Original Sign Studio to be issued to Cost Saving Devices, LLC;
  B. That the bylaws of the Original Sign Studio, Inc. contain a stock voting scheme whereby one share of common stock is entitled to one vote, while one share of preferred stock is entitled to 100 votes;
  C. That Uproar was a creditor of The Original Sign Studio, Inc, [*sic*] having loaned nearly $200,000 to the Original Sign Studio, Inc., in February 2004; and
  D. That Defendant Booras' LLC, Cost Saving Devices LLC, was also a creditor of The Original Sign Studio having loaned it money on or about May 2004.
 54. As is more fully set forth herein, the above statement of fact and omissions of material fact are false and misleading for the reason that Plaintiffs did not acquire 10% of the company for a payment of $200,000 but, rather, acquired only 10% of the common stock and only 2% of the total votes on corporate matters.

Plaintiff's first amended complaint also recites the benefit that Defendants would receive under these arrangements, such as increasing the value of another company in which Defendants had an interest, and states that Defendants acted intentionally.

Despite the general liberality in pleading under Federal Rule of Civil Procedure 8, Congress has provided stricter pleading requirements for actions alleging fraud under § 10(b) of the Securities

Exchange Act of 1934 and accompanying Securities Exchange Act Rule 10b-5.[1]  15 U.S.C. § 78u-4(b)(1) requires that a complaint alleging an untrue statement or omission of material fact must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."  Further, a complaint must also "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  § 78u-4(b)(2).  Failure to meet both requirements warrants dismissal.[2]  § 78u-4(b)(3)(A).

In *Helwig v Vencor, Inc.*, 251 F.3d 540, 550-551 (6th Cir. 2001), the Sixth Circuit rejected the use of conclusory labels and instead required both reasonable and strong inferences of scienter to withstand dismissal.  *See also In re Comshare, Inc., Securities Litigation*, 183 F.3d 542, 552-553 (6th Cir. 1999) (permitting a pleading to survive a motion to dismiss when it included facts that gave rise to a strong inference of recklessness).  "The requisite state of mind is scienter, a mental state embracing intent to deceive, manipulate or defraud."  *In re Ford Motor Co. Securities Litigation*,

---

[1] Defendants also advance an argument based on Federal Rule of Civil Procedure 9(b), which requires that "the circumstances [averred to] constitut[e] fraud or mistake shall be stated with particularity."  But this argument is unavailing, because Plaintiffs' complaint does provide the dates of and the parties to the interactions that Plaintiffs allege constituted fraud.  Additionally, Plaintiffs have identified the content of the statements and omissions they allege were fraudulent, even if they do not attempt to quote conversations with precision or to link those conversations to an exact date.

[2] Apart from the issue of the heightened pleading requirements, Plaintiffs' complaint does not neglect one element of their claim, the use of instrumentalities of interstate commerce, because the complaint includes allegations of the use of wire transfers and phone calls to support the element of the use of instrumentalities of interstate commerce.  *See* 15 U.S.C. § 78j; 17 C.F.R. § 240.10b-5.

381 F.3d 563, 567-568 (6th Cir. 2004) (internal quotations and citations omitted).[3] The requisite scienter for statements of historical or present fact is recklessness, and the requisite scienter for forward-looking statements, without meaningful cautionary language, is actual knowledge. § 78u-5(c)(1)(B); *see also Helwig*, 251 F.3d at 552. Regardless, the statutorily required "strong inference" need not be irrefutable but only guarantees a plaintiff "the most plausible of competing inferences." *Miller v. Champion Enterprises, Inc.*, 346 F.3d 660, 673 (6th Cir. 2003). Also, although the mere labels of "motive" or "opportunity" will not suffice, facts describing either can show how motive and opportunity served as a "catalyst[] to fraud and so serve as external markers to the required state of mind." *Helwig*, 251 F.3d at 550-551.

Here, Plaintiffs have met the heightened pleading requirement by specifying both the allegedly misleading statements or omissions and why they were misleading. As to each of the companies, Plaintiffs allege the percentage of ownership of the company that they expected to acquire and the attendant percentage of the voting control that they actually did acquire. Although Plaintiffs do not provide the particulars of the number of shares of common and preferred stock issued, they do allege the amount of stock that Defendants represented that they would receive, along with the material omission of a tiered stock scheme and the accompanying differences in the weight of voting authority. Thus, Plaintiffs have met the requirement of 15 U.S.C. § 78u-4(b)(1) by specifying the alleged misstatements or omissions and how they were misleading.

Regarding 15 U.S.C. § 78u-4(b)(2), Plaintiffs have also sufficiently pleaded scienter. The

---

[3]Defendants suggest that a district court decision that adopted a test used by the First Circuit demonstrates that Plaintiffs have not properly pleaded their case. *See In re Ford Motor Co. Securities Litigation*, 184 F.Supp.2d 626, 634 (E.D. Mich. 2001) (citing *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 196 (1st Cir. 1999)). Regardless of the applicability of those factors to the instant case, the *Ford* court expressly noted that those factors were non-exhaustive. *Id*.

alleged misrepresentations and omissions contain both omissions of present or historical fact, such as the percentages of stock that Plaintiffs allege that they actually received, and forward-looking statements and omissions, such as the percentage of stock that Plaintiffs would acquire or the expected structure of the stock scheme of the companies. Consequently, depending on the nature of the statement or omissions, the standard of either recklessness or actual knowledge applies. But under either standard, Plaintiffs have pleaded facts sufficient to support a "strong inference" that Defendants acted with that level of scienter. First, Plaintiffs pleaded that Defendants acted intentionally. Second, the purported benefits and the nature of the alleged stock scheme demonstrate a motive and opportunity, suggesting that Defendants acted to their own benefit with actual knowledge. The alleged benefits and stock scheme are not conclusory labels, but facts that support an inference of motive and opportunity which, here, can serve as external markers of Defendants' frame of mind. Thus, Plaintiffs have also sufficiently pleaded the scienter requirement so as to withstand dismissal under Federal Rule of Civil Procedure 12(b)(6).

Accordingly, it is **ORDERED** that Defendants' motion to dismiss Plaintiffs' first amended complaint [dkt #23] is **DENIED**.

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: February 9, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 9, 2007.

> s/Tracy A. Jacobs
> TRACY A. JACOBS

---