UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WENDY SMITH and
MIRTH LLC,

        Plaintiffs,

v.

        Case Number 06-11729-BC
        Honorable Thomas L. Ludington

UPROAR COMMUNICATIONS, LTD.,
NICKOLAS P. BOORAS A/K/A TED DARUS,
and TAMMY LENHARDT,

        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT,
DENYING PLAINTIFFS' MOTION TO COMPEL,
AND AMENDING CASE MANAGEMENT AND SCHEDULING ORDER**

In a first amended complaint filed on December 13, 2006, Plaintiffs Wendy Smith and Mirth, L.L.C. alleged violations of federal securities laws, breach of fiduciary duty, fraud and misrepresentation, and violations of state securities laws. As documented in the parties' settlement agreement, filed with the Court under seal on May 7, 2008, Plaintiffs agreed to release the instant claims on October 17, 2007. That agreement also provided for installment payments of a total settlement amount from Defendants Uproar Communications, Ltd., Nickolas Booras, and Tammy Lenhardt to Plaintiffs, as well as for acceleration of the full settlement amount in the event of a default in meeting the installment payment schedule. The agreement further provides that the parties shall prepare and submit for the Court's entry a stipulation and order of dismissal of this pending case.

In fact, from the date of the execution of that agreement until the present, the parties did not, however, submit a stipulation for dismissal of the case to the Court, a term to which they also

apparently agreed. On May 5, 2008, Plaintiffs filed a motion for the Court to enter judgment for the fully accelerated settlement payment owed to them under the terms of the settlement agreement, relying on the existence of that agreement and Plaintiff Smith's assertion that Defendants defaulted in their payment of the installment payments. Plaintiffs assert that the Court has jurisdiction to enforce this agreement because the case remains pending on the Court's docket. Defendants counter by insisting that the Court lacks jurisdiction to address state law claims; they contend that no claims remain pending, in light of the existence of the settlement agreement that released the claims.

Although the parties appear to agree that they entered into a settlement agreement, the Court will not take up the question of Plaintiffs' attempt to enforce any such agreement. First, Plaintiffs' complaint initiating this case does not include a count based on the settlement agreement that the parties later negotiated. Second, to the extent that the parties entered into an enforceable settlement contract that released Plaintiffs' initial claims, Plaintiffs have not demonstrated a sufficient basis for this Court to continue to exercise subject matter jurisdiction. The released claims included some claims that arise under federal law, over which the Court has jurisdiction under 28 U.S.C. § 1331. The breach of contract claim on which Plaintiffs now seek entry of judgment arises under state law and provides no independent basis for the exercise of federal jurisdiction, in the event that Plaintiffs released their federal claims. The parties' stipulation in a settlement agreement to the Court's continuing subject matter jurisdiction does not, in fact, permit them to confer jurisdiction on the Court. If the parties released the claims that served as the basis for the Court's subject matter jurisdiction, then this Court, as a court of limited jurisdiction, may elect not to exercise continuing jurisdiction to adjudicate a breach of an agreement to release those claims in exchange for installment payments. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 396

(1994) ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."). Thus, the Court will not enter judgment for Plaintiffs on an agreement, where enforcement of that agreement requires adjudication of a state law claim and, possibly, the exercise of continuing jurisdiction.

Denying Plaintiffs the relief of enforcing the settlement agreement, however, does not correspond with a dismissal of Plaintiffs claims. At the hearing on July 17, 2008, Defendants acknowledged that the case is open on the Court's docket, notwithstanding the fact that they, like Plaintiffs, may be entitled to a dismissal of the case. Although parties may, pursuant to Federal Rule of Civil Procedure 41, voluntarily dismiss claims, they have not, in fact, done so. Given that the parties now dispute whether Defendants have breached a settlement contract, the Court will not dismiss Plaintiffs' claims. Defendants' request to dismiss these claims on the basis of Plaintiffs' release – where the parties provided for a dismissal as a term in their settlement agreement – places the Court, once again, in the position of adjudicating the existence and enforceability of that contract. Either the parties released their claims pursuant to that agreement, in which case, for the reasons stated above, the Court may elect not to exercise its jurisdiction to enforce it, or the parties have not released their claims, leaving the Court no basis for dismissing the case. The Court retains an obligation, however, to see that the case is timely tried to a conclusion. Consequently, Plaintiffs' complaint remains pending until the parties voluntarily dismiss them, a state court concludes that the parties are obligated to dismiss the case under the settlement agreement, or some other disposition is reached.

Accordingly, it is **ORDERED** that Plaintiffs' motion for entry of judgment [dkt #46] is **DENIED**.

It is further **ORDERED** that Plaintiffs' second motion to compel discovery [dkt #45] is **DENIED WITHOUT PREJUDICE** as moot, where discovery has closed.

It is further **ORDERED** that the dates in the case management and scheduling order are **AMENDED** as follows:

- Joint final pre-trial order & draft joint jury instructions deadline   **September 12, 2008**;
- Final pre-trial conference   **September 23, 2008** at 3:30 p.m.; and
- Trial   **October 7, 2008** at 8:30 a.m.

The balance of the case management and scheduling order remains in full force and effect.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 23, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 23, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS